UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEON HILLS,

       Plaintiff,                    Case No. 22-10018

vs.                                    HON. MARK A. GOLDSMITH

DANA NESSEL, et al.,

       Defendants.
_____/

**ORDER (1) DISMISSING CASE WITHOUT PREJUDICE AND (2) DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (Dkt. 8)**

    This matter is before the Court on its own review of the complaint filed by pro se plaintiff Derrick Leon Hills. Hills asserts that he is bringing this action "on behalf of a minor child attending school in Michigan and who for the time being shall remain anonymous." Compl. at 5 (Dkt. 1). He names as Defendants the Michigan Attorney General, the Governor of Michigan, and the State Superintendent, and he alleges that all children attending school in Michigan "shall be equally protected to the fullest extent humanly possible from firearm violence and from contracting Covid-19, Covid-19 variants, and all other communicable diseases." Id. He also alleges that Defendants have declined to direct all schools to immediately install metal detectors at the main entrances of all school buildings and to direct all schools to immediately implement mask-wearing and COVID-19 vaccination mandates. Id.

    The United States Court of Appeals for the Sixth Circuit has explained that "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se

where interests other than their own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) (quoting 28 U.S.C. § 1654).  Therefore, "parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  Id. at 970–971; see also McCoy v. Akron Police Dep't, No. 5:21 CV 51, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("[W]hile a parent may technically bring suit on behalf of a minor child, he or she may not do so pro se—that is, the parent can only bring suit on behalf of the minor child through an attorney."); Sanders v. Palmer, No. 09-10847, 2010 WL 1286473, at *4 (E.D. Mich. Mar. 31, 2010) ("[I]t is nevertheless evident that in these counts, Plaintiffs attempt to assert constitutional rights on behalf of the children.  They have no standing to do so, because as noted above, the Sixth Circuit has held that 'parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.'") (quoting Shepherd, 313 F.3d at 970).

The rule prohibiting a non-attorney plaintiff from bringing a pro se action on a child's behalf "is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms."  Adams v. Astrue, 659 F.3d 1297, 1300 (10th Cir. 2011); see also Doe ex rel. Guardian v. Internal Revenue Serv., No. 3:17CV102-FDW, 2017 WL 1017126, at *1 (W.D.N.C. Mar. 15, 2017) (noting that "[d]istrict courts have a duty . . . to [sua sponte] enforce" this rule).

When a non-attorney plaintiff proceeding pro se brings a claim on behalf of a minor child, the proper approach is to dismiss the case without prejudice.  See Moses v. Gardner, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016); T.B. v. Mad River City. Sch. Dist. Bd. of Educ., No. 3:21-CV-256, 2021 WL 4321160, at *2 (S.D. Ohio Sept. 23, 2021); B.K. v. Alcona Cnty.

Comm. Schs. Bd. of Educ., No. 1:21-cv-12252, 2021 WL 4593992, at *1–2 (E.D. Mich. Oct. 6, 2021).

Hills, who is not a licensed attorney, is proceeding pro se, purporting to brings claims on behalf of his minor child. Compl. at 5. As the authorities cited above teach, he may not do so. Accordingly, the Court dismisses the case without prejudice. Any new case brought on behalf of the minor child must be filed by an attorney. See T.B., 2021 WL 4321160, at *2; B.K., 2021 WL 4593992, at *2.

The Court also denies as moot Hills's third application to proceed without prepaying fees or costs (Dkt. 8).

SO ORDERED.

Dated: July 15, 2022  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2022.

s/William Barkholz, in the absence
of Karri Sandusky
WILLIAM BARKHOLZ
Case Manager